NAHE ·v. BAUER et al. ·

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

1. CONTINUANCE (§ 46*)—AFFIDAVITS—STATEMENT OF GROUNDS—ENGAGEMENT OF COUNSEL.

An affidavit for a postponement of the trial on the ground of the engagement of counsel in another cause, stating that it will be "reached immediately" on the opening of court on the next day, but giving no facts showing that it will be reached for trial, is insufficient.

[Ed. Note.—For other cases, see Continuance, Dec. Dig. § 46.*]

2. TRIAL (§ 13*)—CALENDARS—PREFERRED CAUSES.

A cause which has been reached for trial at the call of the day calendar and set down peremptorily for trial next day has precedence in trial over a cause assigned to another part of the court on the day on which the former was set down for trial.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 13.*]

Appeal from Special Term, Queens County.

Action by Bertha E. Nahe, individually and as administratrix of Louise E. Nahe, deceased, against Henry J. Bauer and others. From an order refusing to postpone the trial, defendants appeal. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and MILLER, JJ.

F. Sidney Williams (Frank R. Greene, on the brief), for appellants. Edward G. Nelson, for respondent.

GAYNOR, J. This is an appeal from an order made at the Queens Special Term for Trials refusing to postpone the trial for an alleged engagement of counsel of the answering defendant. The action is to foreclose a mortgage on real property. The cause was on the day calendar for trial on February 16th. The defendant was not ready and moved for a postponement until next day. The court set the case down peremptorily for trial next day. At the call of the calendar on that day, the defendant answered not ready and filed an affidavit for a postponement. It was by the managing clerk of the attorneys of record for the said defendant, who are themselves eminent counsel. It stated that F. Sidney Williams was to try the cause as counsel; that he was also counsel to try the cause of Sisco v. Richards in Westchester county on February 17th, in Part 2 of the Supreme Court, to which it had been assigned, and that it "will be reached immediately on the opening of court on that day at 10 a. m.," and that the said counsel was ready to try the same. This affidavit was made on February 16th. The statement that the cause would be "reached immediately" at the opening of the court was very indefinite. No doubt it would be reached on the morning call. There is no statement that it would be reached for trial, and the trial begun. And if that statement were made it would only be of a conclusion of the affiant formed the day before that the court would be free on the morning of the 17th, and able to begin the trial of the cause. No facts are given as a basis for such conclusion. No affidavit was submitted that the court was in fact free; that the trial on February 16th had been finished,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and that there was no intervening cause in the way. If these were the facts they could and should have been submitted to the court by affidavit. But, beyond all of this, the cause in Queens county had precedence. It had been reached for trial on February 16th and set down peremptorily for the next day, and an affidavit of that fact should have been presented to the court in Westchester county and would have been good. The course pursued was not proper. The affidavit presented was made to appear plausible, but was insufficient. The fact that the cause in Westchester was assigned to Part 2 on February 16th was of no importance; it was still only a cause awaiting trial, the same as though in Parts 1 or 3. It is necessary that the rules of the trial courts be enforced for the proper order and dispatch of business, as well as to uphold the just authority of the trial courts, and the respect due to the same. And where one counsel cannot attend to a trial, it is often necessary that another try it in order that calendars be not blocked.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.